IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-113-RE

| | |
|---|---|
| CELESTE G. BROUGHTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| THE UNITED STATES BANKRUPTCY ) | |
| COURT, *Eastern District of North* ) | |
| *Carolina*, and TERRENCE BOYLE, ) | |
| *U.S. District Judge, in his official capacity,* ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1, -4], Plaintiff's motion for the court to rule [DE-8], and for frivolity review of the complaint [DE-1-1] pursuant to 28 U.S.C. § 1915(e)(2). May 9, 2017 Order [DE-10]. Plaintiff also filed a notice of correction, alerting the court to clerical errors in the complaint and attaching three corrected pages of the complaint. [DE-7]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs and accordingly, it is recommended that the application to proceed *in forma pauperis* be allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2), it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted and that Plaintiff's motion for the court to rule be denied as moot.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from

a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must

2

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff alleges that the United States Bankruptcy Court for the Eastern District of North Carolina (the "bankruptcy court") and United States District Judge Terrence Boyle ("Judge Boyle"), (collectively, "Defendants"), "violated her Fifth and Fourteenth Amendment rights and privileges between December 2014 and the present through their failures to take the actions that the code dictates must be taken regarding bankruptcy[-]related fraud." Compl. [DE-1-1] at 2. Plaintiff seeks "declaratory, prospective[,] and other relief related to those injuries and other injustices caused her by those defendants' acts violating the code as well as their failures to act in accord with the provisions of the code." *Id.* Plaintiff's claims relate to a previous case in this district, wherein

3

Plaintiff filed bankruptcy to protect her home from foreclosure by Wells Fargo Bank. *Id.* at 1. Plaintiff contends that Wells Fargo perpetrated a criminal enterprise against her in order to obtain her home, and Defendants condoned Wells Fargo's actions and colluded with them by acting partially towards Wells Fargo, ignoring bankruptcy fraud, disrespecting the bankruptcy code, and committing certain legal errors throughout the case. *Id.* at 1-13.

While Plaintiff states that the court has jurisdiction over her claims pursuant to 28 U.S.C. § 1331 and alleges that Defendants are United States federal agents, she fails to state the basis for her claims against Defendants. However, given the court's obligation to liberally construe a *pro se* complaint to allow for the development of potentially meritorious claims, the undersigned will consider whether Plaintiff has sufficiently pled a *Bivens* claim, which provides for a private cause of action against a federal officer based on a Constitutional violation. *See Taylor v. U.S., Health Net Fed. Servs., LLC*, No. 7:11-CV-268-FL, 2014 WL 1096298, at *4 (E.D.N.C. Mar. 19, 2014) (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971)). Even so, "[t]he Supreme Court expressly has declined to extend *Bivens* to confer a right of action for damages against a federal government agency . . . ." *Id.* (citing *FDIC v. Meyer*, 510 U.S. 417, 484-96 (1994)); *see also Holder v. U.S. Marshals Office*, No. 5:16-CV-00145-FL, 2016 WL 3919502, at *2 (E.D.N.C. May 17, 2016) (recommending that *Bivens* claims against the Marshals Service, a federal agency protected by sovereign immunity, be dismissed where no facts were alleged to support a finding that immunity had been waived), *adopted by* 2016 WL 3920213 (July 15, 2016). Similarly, *Bivens* does not permit suit against a federal court. *Edwards v. Fifth Cir. Ct. of Appeals*, No. 3:02-CV-0976-D, 2003 WL 21500434, at *3 (N.D. Tex. Apr. 23, 2003) (recommending that plaintiff's *Bivens* claim against a federal court be dismissed as frivolous) (citations omitted), *adopted*

4

*by* 2003 WL 21318362 (May 19, 2003), *cited with approval in Holder*, 2016 WL 3919502; *see also Garner v. U.S. Dist. Ct. of S.C.*, No. 3:08-3913-TLW-JRM, 2009 WL 8762538, at *3 (D.S.C. Mar. 3, 2009) (recommending that plaintiff's *Bivens* claim against three federal courts be dismissed on sovereign immunity grounds), *adopted by* 2009 WL 2192664 (July 21, 2009). Accordingly, here, where no facts have been alleged to support a finding that immunity has been waived, the bankruptcy court is immune from suit.

Immunity considerations also apply to *Bivens* suits against federal judicial officers. Indeed, "[i]t has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872); *Stump v. Sparkman*, 435 U.S. 349 (1978)). And district courts within this circuit have held that federal judges are absolutely immune from *Bivens* claims where plaintiffs sought declaratory, injunctive, and prospective relief. *See Matthews v. O'Grady*, No. 1:15-CV-1162, 2016 WL 438972, at *2 (E.D. Va. Feb. 2, 2016) (dismissing *Bivens* claim seeking prospective injunctive relief against a federal district judge based on absolute immunity); *Bryson v. Mullen*, No. 1:02CV251V02, 2002 WL 32397077, at *2 (W.D.N.C. Nov. 2, 2002) ("[N]otwithstanding the fact that the plaintiffs are seeking injunctive, declaratory and prospective relief by their claims, such claims against [a federal judge] still are barred by the doctrine of judicial immunity."). Similarly here, judicial immunity precludes Plaintiff's *Bivens* claim against Judge Boyle.

Accordingly, where both defendants are immune from suit, it is recommended that Plaintiff's complaint be dismissed. Additionally, where the court has addressed Plaintiff's application to proceed *in forma pauperis*, it is recommended that Plaintiff's motion for the court to rule on that application [DE-8] be denied as moot.

5

## III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the application to proceed *in forma pauperis* be allowed, the complaint be dismissed, and Plaintiff's motion for the court to rule be denied as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **June 29, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, the 15th day of June 2017.

Robert B. Jones, Jr.
United States Magistrate Judge