THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO. 5:17-cv-00113-RE

| | |
|---|---|
| CELESTE G. BROUGHTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE UNITED STATES BANKRUPTCY ) <br> COURT, Eastern District of North ) <br> Carolina, and TERRENCE BOYLE, ) <br> U.S. District Judge, in his official ) <br> capacity, ) <br> ) <br> Defendants. ) <br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to proceed *in forma pauperis* [DE-1]; the Plaintiff's "Motion for Court to Rule on Motion to File as a Pauper" [DE-8]; the Magistrate Judge's Memorandum and Recommendation [DE-12] regarding the disposition of these motions and the review of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2); and the Plaintiff's "Objection to Magistrate Recommendation" [DE-14].

Pursuant to 28 U.S.C. § 636(b) and the Order of this Court [DE-10], the Honorable Robert B. Jones, Jr., United States Magistrate Judge, was designated to review the Plaintiff's Complaint for frivolousness, to consider

the Plaintiff's pending motions, and to submit a recommendation regarding the disposition of this case.

On June 15, 2017, the Magistrate Judge filed a Memorandum and Recommendation in this case containing findings of fact and conclusions of law in support of a recommendation regarding the disposition of the Plaintiff's case and the pending motions. [DE-12]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff filed her Objection on July 3, 2017.[1] [DE-14].

In her Objection to the Memorandum and Recommendation, the Plaintiff argues that a court or judicial officer loses judicial immunity if that court or officer is incorrect in dismissing a case brought pursuant to the RICO statute, 18 U.S.C. § 1962. The Magistrate Judge correctly analyzed this question pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and its progeny. The Court finds the Magistrate Judge's legal analysis to be correct. Even if Wells Fargo's actions underlying the RICO claim were egregious and if the Bankruptcy Court's and Judge Boyle's decisions with regard to that underlying claim were in any way

---

[1] Because the Plaintiff was served by mail, three additional days were added to the fourteen-day period for the filing of objections pursuant to Fed. R. Civ. P 5.2(d).

2

erroneous, the Plaintiff's remedy is by way of appeal of those decisions, not by way of a new action against the judicial officers.

The Plaintiff also argues in her Objection that Judge Boyle was without judicial immunity because he had disqualified himself pursuant to 28 U.S.C. § 455(a) and thus "acted . . . without having subject matter jurisdiction over the case." [DE-14 at 5]. That statute, however, is not jurisdictional in nature. Therefore, this Objection is legally incorrect.

After a careful review of the Magistrate Judge's Recommendation and the Plaintiff's Objection thereto, the Court finds that the Magistrate Judge's proposed findings of fact are correct and the conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Plaintiff's Objection and accepts the Magistrate Judge's recommendation that the Plaintiff's motion to proceed *in forma pauperis* be allowed, the Complaint be dismissed, and the Plaintiff's motion for the Court to rule be denied as moot.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection [DE-14] is **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [DE-12] is **ACCEPTED**; the Plaintiff's Motion to proceed *in forma pauperis* [DE-1] is **GRANTED**; and the Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion for Court to Rule on Motion to File as a Pauper" [DE-8] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this the 11 day of July, 2017.

MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE